### ALEXANDER FERGUSON *v.* EDWARD BURK.

Where the contractor abandons the work, having received payment of all the installments to which the contract and the progress of the building entitled him to that period, and the owner, by virtue of an express authority contained in the contract, completes the building at an expense exceeding the contract price; a claimant cannot maintain an action under the mechanics' lien law, upon a notice filed subsequently to the last payment received by the contractor.

The settled construction of the statute is, that, except in cases of fraud, the owner cannot, under any of its provisions, be compelled to pay any greater sum for the completion of a building, than by his contract he agreed to pay.

The effect of the law is, simply, to take from the owner money actually owing by him upon his contract, and apply it in payment for the labor and materials which sub-contractors or material men have contributed towards the performance of the same contract.

GENERAL TERM, APRIL, 1858.
Before DALY, FIRST J.; and BRADY and HILTON, JJ.

ACTION by a material man, against the owner of a building, to enforce an alleged lien, under the act "for the better security of mechanics and others," passed July 11, 1851.

The facts disclosed at the trial are distinctly stated in the opinion of HILTON, J., delivered at the general term.

The cause was tried before one of the judges of the court without a jury, when the following decision was rendered :

" 1st. That the plaintiff, on the 22d day of June, 1855, acquired a lien upon the premises described in the complaint, of which the defendant was then the owner, in the manner prescribed by law.

" 2d. That the plaintiff furnished building materials of the value of one hundred and forty-two dollars and thirty-three cents to Elias Marcus, the contractor of the said Burk, in pursuance of the terms of a written contract between said Burk and Marcus, dated the 19th day of March, 1855, for the erection of the building specified in the said complaint, by the terms of which contract the defendant was to pay three thousand and fifty dollars, as follows, to wit : one thousand and fifty dollars in installments, as the work progressed, and the balance was to be paid after the deduction of the materials, which were to be paid for by the owner himself, and after the completion of all the work as per plans and specifications.

" 3d. That, although the said Marcus had, prior to the filing of the lien, received from the defendant the amount of installments then due according to the terms of the contract, and had also, prior to the filing of the lien, abandoned the work, and although the defendant had paid a sum for the completion of the building which exceeded three thousand and fifty dollars, including the six hundred dollars paid to Marcus ; still, by the terms of the said contract, there was due from the said defendant, for the said materials, the said sum of one hundred and forty-two dollars and thirty-three cents, which the plaintiff is entitled to recover."

The defendant excepted to the decision upon the following grounds :

*First.* That there was not sufficient evidence given by the plaintiff of the furnishing of the materials, to the contractor, Marcus, to support the finding.

*Second.* That it did not appear by the evidence that there were any moneys due the contractor, Marcus, by the defendant, at the time of the filing of the lien upon the contract between the said Marcus and the defendant for the erection, &c., of the building described in the complaint.

*Third.* That it appeared by the evidence that there were no moneys due the said Marcus from the defendant upon the contract aforesaid.

*Fourth.* That it likewise appeared from the evidence, that the defendant, prior to the acquiring of the lien by the plaintiff, had paid to the said Marcus all the moneys due upon the said contract.

*Fifth.* That it appeared by the evidence, that the said Marcus, prior to the acquiring of the lien by the plaintiff, had voluntarily abandoned and forfeited his contract, and that the defendant was obliged himself to complete and finish the work.

*Sixth.* That it was admitted that the defendant, in consequence of such abandonment, had paid out and expended a greater sum, for the erection, &c., of the said building, than the price stipulated in said contract.

*Seventh.* That the defendant is not obliged by the contract to pay sub-contractors for materials furnished, but that the provision in the contract is a right reserved to the defendant as to the manner of payment, which he may waive.

*Eighth.* That it did not appear by the evidence, that the plaintiff had ever seen or been misled by the said contract.

*Ninth.* That there was no privity between the plaintiff and defendant; and that if the plaintiff is entitled to recover by reason of the provision in said contract referred to, when the defendant would not be liable to said contractor, it must be in a suit brought upon such contract, and not in one brought for the foreclosure of a lien.

*Tenth.* That the plaintiff could not recover where, at the time of filing the lien, there was no legal or equitable liability to the contractor, Marcus.

A judgment having been enrolled against the defendant, an appeal was presented by him, to the general term.

*Charles C. Nott* and *Richard H. Bowne*, for the defendant, made and argued the following points :

I. It is a fundamental and settled principle of the lien law, that, if the owner has observed good faith, and performed his contract according to its terms, he cannot be compelled to pay, in any event, more than the contract price. (*Doughty* v. *Devlin*, 1 E. D. Smith, 639 ; *Cronk* v. *Whittaker*, ib. 647 ; *Kennedy* v. *Paine*, ib. 651 ; *Sullivan* v. *Brewster*, ib. 681 ; *Allen* v. *Carman*, ib. 692 ; *Spaulding* v. *King*, ib. 717 ; *Dixon* v. *Lafarge*, ib. 792 ; *Pendleburg* v. *Meade*, ib. 726 ; *Carman* v. *McIncraw*, 3 Kern. 70.)

II. "The operation of the lien law is to transfer to the sub-contractor so much of the contractor's claim against the owner as would be sufficient to pay the debt of the contractor to the sub-contractor." (*Sullivan* v. *Brewster*, 1 E. D. Smith, 683, 684.)

III. The rights of the sub-contractors have in all possible cases been held to be limited by the rights of the contractors. A forfeiture of the contract has been held to be as fatal to the one as to the other, and the fraud of the owner will not enlarge the rights of the sub-contractor. (*Allen* v. *Carman*, 1 E. D. Smith, 692 ; *Linn* v. *O'Hara*, 2 ib. 560, 568.)

IV. In this case, the sub-contractor's rights are doubly limited.   1. The owner was bound only " in consideration of the covenants and agreements being strictly performed and kept" by the contractor.   2. The contract expressly provides, that, in case of the contractor's default to supply sufficient materials, &c., " the owner shall have the power to provide materials and workmen."

V. The owner, in the last case, would have become *pro hac vice* the agent of the contractors, whose right to recover would depend upon there being a balance after the expense had been deducted " from the amount of the contract."

VI. The payment to be made by the owner for materials

was a privilege reserved by him, and but a payment to the contractor. The sub-contractor could not have sustained an action upon this provision against the owner. (*Quimby* v. *Sloan*, 2 E. D. Smith, 607 ; *Crystal* v. *Flannelly*, ib. 589.)

VII. The lien was not filed until after the contract was forfeited. The contractor's interest had, therefore, ceased, and the lien binds only such interest. There was then no privity between the owner and the contractor ; nothing for the sub-contractor to acquire, and nothing upon which to found the lien. (*Allen* v. *Carman*, 1 E. D. Smith, 695.)

VIII. The moneys to be paid for materials were not to be paid until after the work was completed, and out of the balance remaining after deducting the installments paid the contractor.

IX. There was not sufficient evidence of the sale or delivery of the materials, and no evidence whatever to show when the materials were delivered.

*Richard Wynkoop, M. C. Tracy* and *Charles A. Peabody*, for the claimant, made and argued the following points :

*First.* The delivery of the stone at the building of the defendant is abundantly proved. Besides, this as a question of fact has been decided ; and this decision the court at general term will not readily review. The defendant offered no evidence to countervail, as he might readily have done, if the stone came from any other source.

*Second.* By the contract the defendant was to retain the price of the materials furnished, and no subsequent arrangement different from that is shown.

*Third.* Marcus, the contractor, was to build the house and furnish all the materials. Of course he was to furnish this stone, among others, and all for the price stipulated, $3,050.

*Fourth.* The provision that Marcus should furnish all the materials, and that the defendant should retain the money to pay for them himself, amounts to a contract that the defendant should hold the money belonging to Marcus, with which to pay for them himself. This was probably intended as an in-

demnity against the claims of material men, like the plaintiff, and is a provision for just this case.

*Fifth.* The original contract, properly construed, means that the price of the materials should be withheld at any rate. The price of them was to be paid by the defendant, however. To whom is not important. It was a part of the price for the building, beyond doubt, and due on the contract, and to be paid, on account of the contract, either to Marcus or his creditor furnishing them; and no settlement between them is shown, but only a payment of money on account.

*Sixth.* This excludes the idea that the money paid on the contract was any part of it on account of the materials.

The payments made by the defendant were made on account of the contract generally. There is no pretence that they were specifically made on account of materials, and they cannot be applied by the law to a payment for materials, the price of which, by its terms, it was expressly agreed should not be included in the payments stipulated to be made from time to time.

The price of the materials, therefore, by the contract, remains unpaid. Marcus furnished them, and it is due to him. A lien having been filed by the plaintiff, it must be paid to him.

By THE COURT. HILTON, J.—On June 22d, 1855, the plaintiff filed a notice, pursuant to the provisions of the mechanics' lien law, claiming a lien upon the lot and building number 47 Crosby street, in this city, for materials furnished in conformity with the original contract for the erection of such building, made between Elias Marcus, as contractor, and the defendant, as owner.

The contract bears date March 19th, 1855, and by its terms Marcus agreed to erect and finish, and provide all manner of materials and labor for the building, on or before the 15th of June following; and if at any time during the progress of the work, he should refuse or neglect to supply a sufficiency of materials or workmen, the defendant was authorized to pro-

vide the same and finish the work, upon giving a written notice of three days, the expense of such completion to be deducted from the contract price.

In consideration of the covenants and agreements of Marcus being strictly performed and kept, the defendant agreed to pay him the sum of $3,050, of which $1,050 was to be paid in certain installments as the building progressed, and the balance after the deduction of the materials, which was to be paid by the defendant himself, and after Marcus had completed the work according to the plans and specifications.

Under this contract Marcus proceeded to erect the building, and the materials in question were furnished between the 1st and 15th of May, upon a verbal contract between him and the plaintiff. Before the 28th of May he abandoned the work, having previously received all the installments which, by the contract, the progress of the building entitled him to.

The defendant having given him the written notice referred to, then proceeded to finish the work, and by the employment of the necessary workmen and furnishing materials, finally completed the building according to the original plans and specifications.

Marcus never offered to work there after such abandonment, and it is admitted that the defendant has actually paid for such completion and materials a sum exceeding the contract price of $3,050.

To entitle the plaintiff to recover in this action, it was necessary for him to show at the trial, that at the time of filing his notice a payment was due or owing upon the contract, as between the defendant and Marcus, or that since a payment had become due thereon. (*Sullivan* v. *Brewster*, 1 E. D. Smith, 681.)

Has he established either of these propositions ?

As to the first: The evidence shows that nearly a month previous Marcus had abandoned the work, having before that time received all the installments which the contract and the progress of the building entitled him to.

Ferguson *v.* Burk.

As to the second : The defendant, by virtue of an express authority contained in the contract, proceeded to and did finish and complete the building, and in so doing paid and expended a greater sum than the contract price; and thus, instead of any payment subsequently becoming due upon the contract, an indebtedness resulted upon it from Marcus to the defendant, arising from Marcus abandoning and refusing to complete the work.

Our settled construction of the lien law is, that, except in cases of fraud, the owner cannot, under any of its provisions, be compelled to pay any greater sum for the completion of a building than by his contract he agreed to pay. (*Doughty* v. *Devlin*, 1 E. D. Smith, 639 ; *Linn* v. *O'Hara*, 2 ib. 560.)

The effect of the statute is simply to take from the owner money actually owing by lien upon his contract, and apply it in payment of the labor and materials which sub-contractors or material men have contributed towards the completion and performance of the same contract. (*Sullivan* v. *Decker*, 1 E. D. Smith, 699 ; *Doughty* v. *Devlin*, ib. 639.)

In this case, there was no money owing by the defendant upon the contract at the time the plaintiff filed his notice claiming a lien under the statute; nor did any money subsequently become due from the defendant upon the contract under it until the building was erected.

Judgment reversed, and a new trial ordered.